**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

TAMEKA ROBINSON, :
AIS 245451,
:
    Petitioner,
:
vs.                                                  CA 09-0274-KD-C
:
CYNTHIA S. WHEELER-WHITE,
:
    Respondent.

**REPORT AND RECOMMENDATION**

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, was transferred from the Middle District of Alabama and has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon petitioner's failure to prosecute and comply with the Court's order.

Petitioner was ordered to complete and file this Court's form for a petition under 28 U.S.C. § 2254, as well as a motion to proceed without prepayment of fees, on or before July 20, 2009. (Doc. 6) The Court warned petitioner that her failure to comply with the order within the prescribed time would result in the dismissal of her action "for failure to prosecute and to obey

the Court's order." (*Id.*) To date, the July 7, 2009 order has not been returned to the Court, nor has petitioner responded in any manner to that order.

An action may be dismissed if the petitioner fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order of July 7, 2009. Accordingly, it is recommended that the Court **DISMISS** Robinson's § 2254 petition for writ of habeas corpus, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by obeying this Court's lawful order.[1]

---

[1] Robinson is reminded that she need exhaust her claims in the state courts of Alabama prior to filing a habeas corpus petition in this Court, *see, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."), since the claim she apparently wishes to present to this Court (*see* Doc. 5, at 7 ("I was out on house arrest and would like for the time I was out on house arrest to be credited towards my sentence. I was on house arrest from 10/3/2005 until Jan. 13, 2006[.]")), is a claim best addressed, in the first instance, by the state courts of Alabama, *compare Perkins v. State*, 10

The instructions which follow the undersigned's signature contain information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 25th day of August, 2009.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

So.3d 617, 618 (Ala.Crim.App. 2007) ("A petition for writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison.") *with* Ala. Code § 15-18-5 ("Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.").

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.